# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-04-00703-CR

---

**Jesse Williams, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. 3021005, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

---

## C O N C U R R I N G   O P I N I O N

Although I agree with the result reached by the majority, I write separately to express my belief that the evidence obtained through the May 15 questioning was erroneously admitted. However, because I also believe that the error was harmless, *see* Tex. R. App. P. 44.2, I concur with the majority's judgment.

The police brought the appellant to the police station in handcuffs in order to interview him. Before questioning the appellant, the police informed him of his *Miranda* rights, including the right to remain silent. *See Miranda v. Arizona*, 384 U.S. 436, 479 (1966). Immediately after being informed of his rights, the appellant stated, "I want to terminate everything right now." In determining whether the appellant intended to invoke his right to remain silent with his statement, the majority examines the circumstances surrounding the statement, and after performing this examination, the majority concludes that the statement was, at best, an ambiguous invocation of the right to remain silent.

For the reasons that follow, I disagree with the majority. When describing how an individual in police custody may invoke his right to remain silent, the Supreme Court explained that a person invokes his right when he "indicates *in any manner*, at any time prior to or during questioning, that he wishes to remain silent." *Id.* at 473-74 (emphasis added); *see Dinkins v. State*, 894 S.W.2d 330, 350 (Tex. Crim. App. 1995); *see also Watson v. State*, 762 S.W.2d 591, 597 (Tex. Crim. App. 1988) (explaining that phrase "in any manner" encompasses more than "verbal expression or explicit objection"). Moreover, the court of criminal appeals has instructed that no particular wording needs to be used in order to properly invoke the right and clarified that any declaration of an intention to terminate the questioning will suffice. *Ramos v. State*, 245 S.W.3d 410, 418 (Tex. Crim. App. 2008); *see also Watson*, 762 S.W.2d at 597 (explaining that there are no "talismanic" words or phrases for invoking right).

In this case, the majority erroneously looked to "the totality of the circumstances" to determine whether the appellant's otherwise clear declaration of his desire to terminate the questioning was in fact an invocation of the right to remain silent. As support for this proposition, the majority improperly relies on *Watson v. State*. In that case, the court was confronted with the situation of determining whether a defendant, who never actually communicated his intention to invoke his right to remain silent, invoked that right by remaining silent for long periods of time. 762 S.W.2d at 594. Ultimately, the court concluded that silence can be used to invoke the right, *id.* at 599, but the court warned that invocation by inactivity might be "insolubly ambiguous" in certain contexts, *id.* at 597. When referring to this type of passive invocation, the court explained that the resolution of whether the right was invoked will depend "on the totality of the circumstances." *Id.* at 597.

2

In this case, we are not confronted with a passive or ambiguous invocation. On the contrary, in this case, we are presented with a direct and unambiguous invocation of the right to remain silent. For this reason, the majority need not and should not have considered the totality of the circumstances surrounding the appellant's statement.

This conclusion is supported by a recent opinion released by the court of criminal appeals. In *Ramos*, the court concluded that the statement "I don't want to talk to you" was an "unambiguous, unequivocal, and unqualified assertion" of the right to remain silent. 245 S.W.3d at 419. Moreover, the court opined that in light of Ramos's unambiguous assertion, it would be improper to consider Ramos's other statement as part of the determination of whether Ramos had invoked his right because the other statement was "entirely irrelevant." *Id.* In other words, the court concluded that it is inappropriate to examine the circumstances surrounding an accused's invocation of the right to remain silent when the invocation is unambiguous.

Despite the fact that the appellant invoked his right to remain silent, the police continued to question him. Once it is determined that an accused invoked his right to remain silent and that statements were obtained despite the invocation, courts must then analyze whether the police "scrupulously honored" that assertion. *See id.* Stated differently, if the police fail to cease questioning a suspect after he has invoked his right to remain silent, any statements obtained after the invocation are inadmissible. *Dowthitt v. State*, 931 S.W.2d 244, 257 (Tex. Crim. App. 1996); *see also Miranda*, 384 U.S. at 474 (providing that once individual makes assertion, police must discontinue their questioning). In this case, there was no break in the interrogation following the appellant's invocation of his right. Accordingly, it can hardly be argued that the appellant's right was "scrupulously honored."

3

However, as previously stated, I believe that the admission of the evidence was harmless error and therefore concur in the judgment of the majority.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Filed:   June 6, 2008